RECEIVED
FEB 1 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD MCCOY** | **CIVIL ACTION NO. 04-1179-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Richard McCoy, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on May 28, 2004. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, and he challenges his state court conviction. He names Warden Burl Cain as respondent.

On May 9, 1997, Petitioner was convicted of one count of first degree murder in the Thirty-Ninth Judicial District Court, Parish of Red River. He was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

Petitioner alleges the following assignments of error in support of this petition:

(1)  He was found competent in violation of the Due Process Clause.

(2)  His guilty plea was invalid.

(3) Counsel rendered ineffective assistance.

Petitioner's claims were not properly exhausted through the appropriate state courts. Petitioner filed his first application for post-conviction relief in the state trial court on February 21, 2000. This application was denied on July 13, 2000. Petitioner then sought writs in the Louisiana Second Circuit Court of Appeal and the Supreme Court of Louisiana regarding only the denial of his right to file an appeal. Both writs were denied. State ex rel. McCoy v. State, 2001-0950, (La. 3/28/02) 812 So.2d 641. Petitioner filed his second application for post-conviction relief in the state trial court on September 5, 2002. The documentation submitted by Petitioner includes a copy of a writ denial from the Supreme Court of Louisiana which shows his second post-conviction relief application was dismissed pursuant to Louisiana's procedural bar, La. C.Cr.P. art. 930.8, on March 19, 2004. State ex rel. McCoy v. State, 2003-KH-0691.

On October 20, 2004, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this Court's failure to consider his claim will result in a fundamental miscarriage of justice. [Doc.3]. On November 15, 2004, Petitioner filed a response in which he identifies mental health problems as the cause for his failure to comply with La. C.Cr.P. art. 930.8. [Doc. 4].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that

some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner admits that his claims are procedurally barred by La. C.Cr.P. art. 930.8. However, Petitioner has shown no cause for his failure to present the alleged errors to the Supreme Court of Louisiana. His claims of mental health problems do not suffice. Petitioner has not shown his mental health problems to be such that they provide an adequate reason for his failure to timely present his claims to the Supreme Court of Louisiana. In fact, Petitioner admits that the state trial court found him competent to proceed. [Doc. 4, p. 1]. Petitioner also claims he filed a timely application for post-conviction relief in the trial court in February 2000. Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

Although Petitioner alleges the state courts do not regularly apply La. C.Cr.P. art. 930.8, he has failed to demonstrate that La. C.Cr.P. art. 930.8 is not regularly followed. Indeed, he offers no authority that La. C.Cr.P. art. 930.8 is not regularly followed. Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the

failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992). To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17. This exception clearly does not apply here as Petitioner makes no allegations of factual innocence.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 16th day of February 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE